```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
                                      :
ARROWOOD SURPLUS LINES                :
INSURANCE COMPANY et al               :
                                      :
v.                                    :   CIV. NO. 3:09CV972 (JCH)
                                      :
GETTYSBURG NATIONAL INDEMNITY         :
(SAC) LIMITED                         :
                                      :
                                      :
                                      :
                                      :
```

RULING ON PLAINTIFF'S MOTION FOR PRE-PLEADING SECURITY

Plaintiffs Arrowood Surplus Lines Insurance Company and Arrowood Indemnity Company (collectively "Arrowood") seek an order requiring defendant Gettysburg National Indemnity (SAC) Company to post pre-pleading security pursuant to Conn. Gen. Stat. § 38a-27(a). On July 16, 2009, plaintiffs filed a Motion to Strike defendant's answer and a Motion for Pre-Pleading Security. On February 19, 2010, Judge Hall granted plaintiffs' motions and referred the determination of the amount of pre-pleading security to the undersigned. A hearing was held on March 25, 2010.[1]

"Under Connecticut law, before an "unauthorized insurer" can file a pleading in a case against it, it must either post a pre-

---

[1] At the hearing, the parties presented no witnesses. Instead, plaintiffs filed an updated Affidavit of Neil McNamara, dated March 19, 2010, [doc. #44], and defendant filed the Affidavit of Andrew McComb on March 24, 2010. [Doc. #45].

1

pleading security, procure the proper authorization to do business in Connecticut, or seek an order from the court dispensing with the pre-pleading security requirement. Conn. Gen. Stat. §38a-27(a)." <u>Arrowood Surplus Lines Ins. Co. v. Gettysburg National Indemnity</u>, Civ. No. 3:09-CV-972(JCH), at *3 (D. Conn. Feb. 19, 2010. [Doc. #35 at 3]. "The Security Statute is intended to ensure that any insurer, domestic or foreign, selling insurance or reinsurance to a person in this state will have sufficient assets in this state to satisfy any judgment." <u>Hartford Accident and Indemnity Co. v. Ace American Reinsurance</u>, (X02)CV030178122S, (X02)CV030179514S, 2008 Conn. Super. LEXIS 2470, *4 (Conn. Super. Ct. Sept. 19, 2008).

Plaintiffs aver that the current amounts due from Gettysburg total $1,139,049, consisting of loss and loss adjustment expense, inclusive of interest, in the amount of $529,011 due through February 2010; reserve collateral in the amount of $131,379, calculated as of December 31, 2009; and Gap Collateral obligations of $478,660, as provided for in the Treaties. [McNamara Aff. ¶8].

Plaintiffs' counsel represented at the hearing that he did not think the Gap Collateral of $478,660 would ever be reached, based on the current status of the program, and that any likely judgment could be secured by an amount less than the total due under the reinsurance contract. Accordingly, plaintiffs current claim under the Treaties, exclusive of Gap Collateral requirements, is for $660,389.

Defendant does not challenge the amounts set forth in McNamara's March 19, 2010 affidavit. Rather, defendant argued that it should not be required to post pre-pleading security in excess of the funds remaining in the SAC accounts.  The Court disagrees.  For purposes of this hearing, the limits of defendant's liability are not the amount remaining in the segregated cell accounts but, rather, the contract amount under the reinsurance agreement between plaintiffs and defendant.  If the SAC is undercapitalized, defendant has recourse against the shareholders under the terms of their agreement. Defendant is not precluded from making its argument on the limits of its liability once the pre-pleading security is posted.  "[T]he pre-pleading statute remains a security statute wherein the security must be posted prior to the filing of the pleading." <u>Hartford Accident and Indemnity Co.</u>, 2008 Conn. Super. LEXIS 2470, at *10.

Here, plaintiffs offered proof of the existence of the contracts between the parties. Plaintiff presented evidence of the amount sought for pre-pleading security based on those contracts. Defendant raised no objection to the amounts set forth in McNamara's affidavit.  Defendant was also allowed to briefly present the nature of its defenses in this matter, which Judge Hall also considered.  The Court finds that the scope of the hearing was sufficient to meet due process standards, and that plaintiff offered sufficient evidence to require that defendant post pre-pleading security under the terms of the statute.  Therefore, defendant is ordered to post pre-pleading security in

the amount of $660,389.

CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Pre-Pleading Security **[Doc. #16]** is **GRANTED** in the amount of $660,389.

Pursuant to Judge Hall's ruling, Gettysburg will post the pre-pleading security within seven (7) days of this ruling and order, or its Answer [Doc. #13] will be stricken. [Doc. #35 at 12].

SO ORDERED at Bridgeport this 6th day of April 2010.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE