**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ARROWOOD SURPLUS LINES | : | |
| INSURANCE CO., ET AL. | : | |
|     Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:09-CV-972 (JCH) |
|     v. | : | |
| | : | |
| GETTYSBURG NATIONAL | : | |
| INDEMNITY CO., | : | May 7, 2010 |
|     Defendant. | : | |

**RULING RE: RULING ON PLAINTIFF'S MOTION FOR**
**PRE-PLEADING SECURITY (Doc. No. 49)**

**I.      INTRODUCTION**

On June 22, 2009, plaintiffs Arrowood Surplus Lines Insurance Company and

Arrowood Indemnity Company (collectively, "Arrowood"), filed suit against the

defendant, Gettysburg National Indemnity (SAC) Company (hereinafter "Gettysburg").

On July 13, 2009, Gettysburg filed an Answer (Doc. No. 13) to Arrowood's Complaint.

Soon thereafter, Arrowood moved the court to strike that Answer, due to Gettysburg's

failure to comply with a Connecticut statute that requires any "unauthorized insurer" to

post security before filing any pleadings in a case against it (Doc. No. 14).  See Conn.

Gen. Stat. § 38a-27(a).  This court granted that Motion in a Ruling dated February 19,

2010 (Doc. No. 35), and subsequently referred the case to United States Magistrate

Judge Holly B. Fitzsimmons to hold a hearing to determine the amount of pre-pleading

security that Gettysburg would be required to post, in order to proceed with its defense

of this litigation.

On March 25, 2010, Judge Fitzsimmons held a hearing on the amount of pre-

1

pleading security to be posted by Gettysburg, and on April 6, 2010 ruled that

Gettysburg would be required to post pre-pleading security in the amount of $660,389,

in order to proceed with the case (Doc. No. 49). Gettysburg subsequently filed an

Objection to Judge Fitzsimmons' Ruling.

## II.      STANDARD OF REVIEW

The standard of review to be applied by the district court to a magistrate judge's

ruling depends on whether that ruling is "dispositive" or "non-dispositive" of the claims at

issue in the case.  See Fed. R. Civ. P. 72(a), (b).  In this case, Gettysburg argues that

Judge Fitzsimmons' Ruling is dispositive of the claims at issue in this case, because

"the end result is to strike Gettysburg's Answer if it fails to post the ordered security."

Objection at 7.  The court disagrees.  Dispositive determinations "are determinations of

a party's demands for relief pursuant to the claims pleaded, or of the party's right to

have the claim adjudicated by the court."  Kiobel v. Millson, 592 F.3d 78, 102 n.15 (2d

Cir. 2010).  Here, Gettysburg has cited no cases that indicate that a determination of

the amount of pre-pleading security to be posted constitutes a dispositive

determination.  Indeed, Judge Fitzsimmons' Ruling, which merely ordered Gettysburg to

post a particular amount of pre-pleading security, in no way determines whether

Arrowood has a right to relief in this case, or whether the district court has jurisdiction.

The court concludes that Judge Fitzsimmons' Ruling is not dispositive, for purposes of

Fed. R. Civ. P. 72.

When a party objects to a magistrate judge's order on a non-dispositive motion,

the district judge reviews that ruling and must modify or set aside the order if is "clearly

erroneous or contrary to law."  See  Fed. R. Civ. P. 72(a).  "A finding is 'clearly

erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

## III.    DISCUSSION

Under Connecticut law, before an "unauthorized insurer" can file a pleading in a case against it, it must either post a pre-pleading security, procure the proper authorization to do business in Connecticut, or seek an order from the court dispensing with the pre-pleading security requirement.  Conn. Gen. Stat. § 38a-27(a).  This court has already concluded that Gettysburg is an "unauthorized insurer" within the meaning of the statute.  Therefore, the only question is as to the amount of security to be posted by Gettysburg.

Judge Fitzsimmons' Ruling is clearly supported by the text of the pre-pleading security statute, Conn. Gen. Stat. § 38a-27(a).  That statute provides, inter alia, that the amount to be "fixed by the court" as pre-pleading security must be "an amount . . . sufficient to secure the payment of any final judgment which may be rendered in the action or proceeding."  Conn. Gen. Stat. § 38a-27(a).  As Judge Fitzsimmons clearly noted in her Ruling, the amounts at issue in this case are not in dispute.  Indeed, it is plain that $660,389 is the amount of Arrowood's "current claim under the Treaties, exclusive of Gap Collateral requirements."  Ruling on Plaintiff's Motion for Pre-Pleading Security at 2.  Judge Fitzsimmons' determination that $660,389 would be sufficient to secure the payment of a final judgment in this case is, therefore, not erroneous or contrary to law.

Gettysburg argues that the Treaties are undercapitalized, and that Arrowood is contractually precluded from seeking a recovery beyond the amount currently contained in the segregated accounts at issue in this case. While this may be the case, Judge Fitzsimmons noted in her Ruling that Gettysburg's ultimate liability is not at issue at this stage of the litigation. Id. It may be that, in the end, Arrowood will be unable to prevail on the merits of its claim, or if it does, to collect the amount of the judgment that it seeks from Gettysburg. That possibility, however, is not relevant to the fact that the pre-pleading security statute clearly contemplates the posting of an amount sufficient to secure the judgment sought by Arrowood. Arrowood has alleged that Gettysburg has failed to pay at least $660,389, in violation of two reinsurance contracts that are the subject of this lawsuit. Arrowood has also submitted proof in support of its breach of contract claims. If Arrowood prevails on the merits of its lawsuit, it may be awarded the amount that it seeks. If there is a legal basis to do so, Gettysburg can argue, as the case progresses, that its liability should be limited to the amount currently contained in the subject segregated accounts. Regardless of how the litigation transpires, however, Connecticut law requires that pre-pleading security be posted in an amount necessary to satisfy a judgment.

Gettysburg stresses Arrowood's previous representation that "[t]he requested security must come from the relevant segregated accounts, to the extent those accounts contain funds." Objection at 8 (citation omitted). The court is not persuaded that this statement, which appeared in Arrowood's Reply Brief in support of its Motion for Pre-Pleading Security, constitutes a binding admission by Arrowood that Gettysburg can only be required to post as pre-pleading security the amount currently contained in

the subject segregated accounts, which is significantly less than $660,389.[1]  Moreover,

as stated above, the applicable statute is clear on its face: the amount to be "fixed by

the court" as pre-pleading security must be "sufficient to secure the payment of any final

judgment which may be rendered in the action or proceeding."  Conn. Gen. Stat. §

38a-27(a).

## IV.   CONCLUSION

The court concludes that Judge Fitzsimmons' Ruling (Doc. No. 49) is not clearly

erroneous or contrary to law.  Gettysburg's Objection is overruled.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 7th day of May, 2010.


                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge

---

[1]  Moreover, it does not appear to be disputed that, at one time, the subject segregated accounts contained over $2.5 million as a "residual sum, designated under the terms of the Treaties for payment of . . . loss and loss expense."  Response to Objection at 4.  Even after Gettysburg paid over $1.3 million of that amount to Arrowood on account of prior claims, the "net premium available to pay current and future loss" would equal roughly $1.2 million.  Id. at 5.  That amount is significantly more than enough to satisfy the pre-pleading security requirement set by Judge Fitzsimmons.

It further bears noting that, at the time Arrowood's counsel wrote that "[t]he requested security must come from the relevant segregated accounts, to the extent those accounts contain funds," Gettysburg had not informed him that the accounts had essentially been depleted.